Forrest Plant, Jr. – SBN 072266
Goldsberry, Freeman & Guzman, LLP
777 12th Street, Suite 250
Sacramento, CA  95814
(916) 448-0448; fax (916) 448-8628

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTISIA MUSIC, INC., CHERRY LANE MUSIC PUBLISHING, HAMPSHIRE HOUSE PUBLISHING CORP., FRANK GAYE dba FCG MUSIC, MARVIN GAYE III dba MG III MUSIC, NONA GAYE dba NMG MUSIC and CHAPPELL & CO., INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID MICHAEL CAMACHO and JOANNA LYNN CAMACHO, <br><br> Defendants. | Case No. 2:06-CV-00408-DFL-JFM <br><br> **STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT** |

IT IS HEREBY STIPULATED by and between Plaintiffs Antisia Music, Inc., et al. (hereinafter "Plaintiffs") and David Michael Camacho and Joanna Lynn Camacho (hereinafter "Defendants") as follows:

1.   a.   Defendants stipulate that Defendants shall pay to the American Society of Composers, Authors and Publishers ("ASCAP"), on behalf of Plaintiffs, the sum of Nine Thousand Five Hundred Dollars ($9,500.00) in settlement of certain claims of ASCAP and its members.  The Defendants shall pay the settlement amount by an initial payment of $2,375.00,

1

PDF created with pdfFactory trial version www.pdffactory.com

receipt of which is hereby acknowledged, and payments of $2,375.00 on October 1, 2006, November 1, 2006, and December 1, 2006.

      b.    Defendants believe they made a One Thousand Dollar ($1,000.00) payment to ASCAP, in or about March 2006 by cashier's check.  ASCAP has no record of having received such a payment.  Defendants shall have until December 1, 2006, to produce a copy of the front and back of the cashier's check as presented for payment to the issuing bank showing payment was made to, and accepted by, ASCAP.  Upon presentation to ASCAP of such proof, Defendants will receive credit hereunder for the amount so paid.

    2.    This Stipulation is in settlement of all claims and causes of action by Plaintiffs against Defendants for infringements of copyrights by unauthorized non-dramatic public performances of Plaintiffs' copyrighted works, whether known or unknown, including, without limitation, the specific claims and causes of action as alleged in the complaint on file herein, for all periods through September 1, 2006.  Plaintiffs release all such claims and further waive the provisions of California Civil Code section 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

    3.    Contemporaneously with the execution of this Stipulation, ASCAP shall provide to Defendants a license agreement for the establishment known as Sky Bar Café in Sacramento, California, for the term commencing September 1, 2006.  Defendants shall accept and execute said license agreement and comply with all terms and conditions of that license agreement.  License fees due under such license agreement for the initial one-year term thereof are included in the amount to be paid pursuant to Paragraph 1 above.

    4.    Failure of Defendants to make a payment as set forth in Paragraph 1 above will constitute a default of Defendants' obligations under this stipulation and will entitle Plaintiffs to judgment as hereinafter set forth.

PDF created with pdfFactory trial version www.pdffactory.com

5. In the event of any default or other occurrence upon which judgment may be entered, as set forth above, and upon seven days' written notice from Plaintiffs to Defendants' attorney, judgment shall be entered against Defendants in the amount of Nine Thousand Five Hundred Dollars ($9,500.00) less the amount of any payment actually made pursuant to paragraph 1 above.

6. Defendants acknowledge that they have each had the opportunity to consult with an attorney of their choosing before entering this Stipulation. Defendants warrant that no representation has been made to them to induce them to enter this Stipulation other than as herein set forth, and that they enter this Stipulation voluntarily and not as the result of coercion or duress.

7. This action shall be dismissed with prejudice, subject to the right of Plaintiffs to move the court for an order reopening the action and entering judgment as provided in Paragraph 5 above.

**IT IS SO STIPULATED**.

Dated: 9/13/06           /s/ David Michael Camacho
                         David Michael Camacho

Dated: 9/13/06           /s/ Joanna Lynn Camacho
                         Joanna Lynn Camacho


                         Antisia Music, Inc., et al., by their attorney–in-fact,
                         American Society of Composers, Authors and
                         Publishers

Dated: 9/14/06           By: /s/ Richard H. Reimer
                             RICHARD H. REIMER
                             ASCAP Senior Vice President,
                             Legal Services

3

PDF created with pdfFactory trial version www.pdffactory.com

**APPROVED AS TO FORM:**

Dated: September 13, 2006.                    Goldsberry, Freeman & Guzman, LLP


By: /s/   Forrest Plant, Jr.
     Forrest Plant, Jr.
     Attorneys for Plaintiffs


Dated: September 13, 2006.                    Law Office of John J. Rueda


By: /s/   John J. Rueda
     John J. Rueda
     Attorneys for Defendants


**IT IS SO ORDERED.**


Dated: September 22, 2006            /s/ David F. Levi
                                     UNITED STATES DISTRICT COURT JUDGE

4

STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT

PDF created with pdfFactory trial version www.pdffactory.com